# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### FEBRUARY TERM, 1868, AT ST. JOSEPH.

————◇—◆—◆————

42 179
75a 345

STATE, TO USE OF BRADSHAW, Appellant, *v.* WM. M. SHERWOOD
*et al.*, Respondents.

1. *County Collector — Refusal to issue Certificate — Action for Damages.* — A party cannot maintain an action for damages against the clerk of a county court for issuing a certificate of election to the office of State and county collector to another, and thereby depriving plaintiff of the emoluments of that office. The action for damages is predicated upon the idea that he is deprived of a legal and valid right. But plaintiff's proceeding is a virtual admission that the person to whom the certificate is issued is legally in possession of the office, and he cannot recover damages for being deprived of what does not belong to him. He cannot be permitted to disclaim his right to the office, and then have damages for being deprived of it.

2. *What remedies will lie.* — If the clerk refused to perform his functions in casting up the vote, or in issuing the certificate, an ample and complete remedy would be furnished by resorting to a mandamus; or, after the certificate was issued to the other party, and he had qualified, the title to the office could be tested and decided by a writ in the nature of a *quo warranto.*

3. *Statutory Rights — Relief — Jurisdiction.* — The principle that where a new right is conferred by statute, and a specific relief given for a violation of that right, all other jurisdictions are ousted, is not applicable to the present case.

4. *Pleadings — Jurisdiction — Question of, how raised.* — The objection raised by demurrer, that the court had no jurisdiction, would have been more properly

State, to use of Bradshaw, v. Sherwood et al.

raised by answer, inasmuch as the want of jurisdiction did not appear on the face of the petition. If the answer, when filed, denied the right of the plaintiff to the office, that would have amounted to an ouster of jurisdiction, because it would have made a contest indispensable. (Gen. Stat. 1865, p. 66, § 50.)

5. *County Collector—Right to Certificate—In what Court determined.*—The County Court was the tribunal in which the contest should have taken place, and the Circuit Court had no jurisdiction when the question concerning the right to the office was raised.

*Appeal from Buchanan Circuit Court.*

*Vories, Hall & Oliver*, and *Parker, Strong & Chandler*, for appellant.

I. This action is not brought to try the right of the respective parties to the office, but to recover damages for a breach of the official bond of an officer. The only question which could arise in such case, upon a demurrer, is, Does the petition show a breach of the conditions of the bond? If it does, then all other questions which may arise are questions concerning the amount of damages. It is admitted by this demurrer that the election was properly held; that the poll-books were properly certified to Sherwood; that Bradshaw had a majority of the qualified votes cast and certified; that it became the duty of Sherwood, under the law, to cast up the votes in eight days, and give the certificate of election to the one having the highest number of votes; that he, with a view to defraud and injure Bradshaw, failed and refused to either cast up the votes or give the certificate; but that he falsely and fraudulently issued a certificate of election to Pinger. All this being admitted, it is difficult to see how it could be shown that Sherwood had faithfully discharged the duties imposed upon him by law. The question as to what facts plaintiff would be able to show in evidence as a ground of actual pecuniary damages, cannot arise upon this demurrer. If a breach of duty is shown, he has a cause of action for something. (Ashby v. White, 1 Sm. Lead Cas. 290; State for Bell v. Harrison, 38 Mo. 540; Jenkins v. Waldron, 11 Johns. Ch. R. 120; People v. Rives, 27 Ill. 246, 247; United States v. Kendall, 12 Pet. 614, 615.)

*Jones*, *Hunter*, *Hill & Hereford*, and *Bassett & Pike*, for respondents.

I.   The office of collector of the State and county revenue for Buchanan county is credited by a statute specially applicable to Buchanan county.  (Adj. Sess. Acts of 1863–4.)  The statutes of Missouri also provide an ample and adequate remedy for plaintiff, provided the clerk of the County Court awards the certificate of election to a person not having a majority of the legal votes.  It also provides for the punishment of the county clerk by indictment, or he may be sued for two hundred dollars damages in a civil action for a violation of duty.  (Gen. Stat. 1865, p. 65, § 39; p. 66, §§ 50, 52–59.)  And where a new right is conferred by statute, and specific relief given for a violation of that right, all other jurisdictions are ousted.  The party is denied all common law remedies, and strictly confined to the remedy given by statute.  (Sedg. on Cons. Stat. 94; 22 U. S. Dig. 13, § 19; 21 *id.* 11, §§ 16, 19; 19 *id.* 12, §§ 2, 4, 5, 6; 18 *id.* 12, § 9; 17 *id.* 10, § 10; 3 Comst. 9; 1 Met. 130; 6 Mass. 39; 36 Mo. 543, 547.)

II.   Plaintiff cannot recover, by reason of claiming a right to the office, until such right has been established by a direct contest, either by *quo warranto* or mandamus.  Where, as in this case, the office is already filled by an officer *de facto*, the right to the office can only be established by *quo warranto*, making Pinger, the officer *de facto*, a party thereto.  (21 Pick. 148; 6 Cow. 23; 17 Conn. 585; 5 Hill, 616; 10 Mo. 632; 35 *id.* 146; 36 *id.* 71; 38 *id.* 540; 9 Mass. 234; 37 Me. 423.)

III.   The certificate delivered by Sherwood to Pinger is conclusive in every form in which a question of the right to the office can arise, except where there is a direct proceeding, in the nature of *quo warranto*, against the officer *de facto*.  (20 Wend. 12; 17 *id.* 81; 24 Barb. 203.)

IV.   Where an officer fails to do an act, and the failure results in a common injury, he can only be proceeded against by indictment.  Where, however, a private person sues for neglect of

duty, he must aver in his declaration some special damage in regard to a violation of a right vested in him. This declaration shows no such violation. (18 How. 396.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, in the Buchanan Circuit Court, against the defendants, Sherwood and his securities, on an official bond, alleging a breach of the condition thereof, and claiming special damages.

The petition states that, at the November election, 1866, the plaintiff Bradshaw and John Pinger were candidates for the office of collector of the State and county revenue for Buchanan county, Missouri; that at said election two thousand seven hundred and ninety-seven votes were cast, by the qualified voters of the county, for the said office of collector; that of these votes one thousand three hundred and ninety-nine were cast for Bradshaw, and one thousand three hundred and ninety-eight for Pinger, and that Bradshaw, having received a majority of the votes, was therefore duly elected.

The petition further states that Sherwood, being county clerk of the county of Buchanan, disregarding his duties in the premises, failed, neglected, and refused to cast up the votes given to each candidate for said office of collector, as certified and returned to him, within eight days from said election, or at any other time; and that he still fails, refuses, and neglects to give to the said Bradshaw a certificate of his election, notwithstanding Bradshaw has received a majority of all the qualified votes at said election for the said office of collector; that Sherwood, being clerk as aforesaid, with intent to injure and defraud Bradshaw, and to unlawfully deprive him of the emoluments of said office, did, on the —— day of November, 1866, unlawfully, willfully, falsely, and fraudulently, issue the certificate of election to the office of collector, to the said John Pinger, and then and thereby deprived Bradshaw of the office and emoluments to which he had been legally elected, to his damage in the sum of twenty thousand dollars, for which he brings the statutory suit on the clerk's official bond.

State, to use of Bradshaw, v. Sherwood et al.

To this petition the defendants filed a demurrer, and stated, for grounds of objection, that the petition did not allege facts sufficient to constitute a cause of action, and that the Circuit Court had no jurisdiction of the cause. The demurrer was sustained in the Circuit Court, and on error in the Fifth District Court the judgment below was affirmed.

The case has been argued here with ability, and counsel have indulged in elaborating many points which we consider it unnecessary to examine, as the essential merits involved do not include them. We are not willing to concede the proposition, so confidently insisted upon by the defendants' counsel, that, because the office of collector is wholly of statutory creation, a party legally entitled to it, and who is deprived of it through the gross wrong or tortious fraudulent acts of a clerk whose duty it is, under certain circumstances, to issue the certificate, can have no remedy except what is specifically pointed out by the statutes. We can readily conceive that cases may occur where a party can present himself in such a shape as to be entitled to recover damages from the officer on his official bond in consequence of injuries suffered by a malicious neglect or refusal to perform his appropriate legal duties. The principle that where a new right is conferred by statute, and specific relief given for a violation of that right, all other jurisdictions are ousted, is not applicable to the present case.

The controlling question is, Does the plaintiff make out such a case by the allegations in his petition as to enable him to maintain an action for damages? The action for damages must be predicated upon the idea that he has been deprived of a legal or valid right. It is intended to be compensatory for the official emoluments which he has lost, and may also include all the necessary expenses and charges which are the immediate consequence of the deprivation, and which are rendered indispensable in the assertion of his just and lawful claim. But if another person is rightfully in possession of the office, the plaintiff's right of action is defeated, for two persons cannot have a legal title at the same time to the office. The plaintiff does not claim the office. He virtually admits that Pinger is in possession, and the logical deduction is that he is legally in possession. If Pinger is legally holding the

office as collector, then the plaintiff cannot recover damages for being deprived of what does not belong to him. If, however, the plaintiff is the rightful and lawful occupant thereof, he should assert his claim, and pursue his remedy in the mode established by law. The plaintiff cannot be permitted to disclaim his right to the office, and then have damages for being deprived of it, or, to use the language employed by Lord Mansfield on another occasion, he "cannot blow hot and cold at the same time." If the clerk refused to perform his functions in casting up the vote, or in issuing the certificate, an ample and complete remedy would have been furnished by resorting to a mandamus; or, after the certificate was issued and Pinger had qualified, the title to the office could have been tested and decided by a writ in the nature of a *quo warranto*.

The second reason assigned in the demurrer, that the court has no jurisdiction of the cause, would have been more properly taken by answer. It did not appear that the court had no jurisdiction on the face of the petition. That fact was to be raised by the issue presented in the answer. If the answer, when filed, denied the right of the plaintiff to the office, that would at once have amounted to an ouster of jurisdiction, because it would have made a contest indispensable.

The statute provides that if any election of any constable, assessor, justice of the peace, county surveyor, or other county officer, be contested, such contest shall be heard and determined by the County Court of the county in which the election is held, unless the decisions of such contest be otherwise provided for by law. (Gen. Stat. 1865, ch. 2, p. 66, § 50.) The office of collector of Buchanan county is a county office, created by special enactment, and no provision is elsewhere made in the statutes in regard to its being contested. The County Court was the tribunal in which the contest should have taken place, and the Circuit Court had no jurisdiction whenever that question was raised. But this subject is unimportant, and need not be discussed, in the view that we have taken of the facts set out in the petition.

The judgment must be affirmed. The other judges concur.