THE STATE ex rel. THE CIRCUIT ATTORNEY v. McCANN, *Appellant.*

**Justices of the Peace:** EXTENSION OF TERMS OF OFFICE: STATUTE. The effect of section 2807, Revised Statutes, 1879, in reference to the election and terms of office of justices of the peace, was to supersede and repeal all prior statutes authorizing directly, or by implication, any elections of such officers prior to the general election in November, 1882, and any election so held in contravention of said section, was unauthorized and void. Following and affirming *State ex rel. Attorney General v. Ranson*, 73 Mo. 78.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. J. McCann* and *A. R. Taylor* for appellant, cited R. S. 1879, §§ 2805, 2807, 2809 ; Cooley's Const. Lim., p. 646 ; *Leonings v. Co.*, 20 N. Y. 447 ; McCrary on Elections, §§ 69, 186, 191, 231, 238, 249, 253, 261, 263 and notes ; *People v Ohio Grove*, 51 Ill. 191 ; *State v. Boal*, 46 Mo. 529. The case of the *State ex rel., etc., v. Ranson*, 73 Mo. 78, is inapplicable to the facts of this case.

*E. A. B. Garesche* and *John M. Holmes* for respondent.

EWING, C.—This is an information in the nature of a *quo warranto* to the circuit court of St. Louis, wherein it is stated that Vincent F. Mullery was a duly elected and qualified justice of the peace in a certain district in St. Louis, elected in November, 1878, for the term of four years; that

he resigned October 29th, 1879. That, thereupon, Michael I. Mullery was appointed as his successor by the mayor of St. Louis, and qualified and entered upon the duties of his office. That on the 18th of November, 1880, the respondent, McCann, usurped said office of justice of the peace, and is unlawfully exercising the same.

The respondent, for return to the writ issued to show cause, admits Vincent F. Mullery's election and resignation and appointment of Michael I. Mullery by the mayor, but alleges that, at the time, Michael I. Mullery was not a resident of the district for which he was appointed, and was, therefore, ineligible, and the office became vacant, until McCann's election in November, 1880, and claims the office by virtue of his election. The relator demurred to this return, because, under the law, no legal election could be held for justice of the peace. This demurrer was sustained, and the respondent not pleading further, judgment of ouster was entered, from which respondent appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, and the respondent again appealed to this court.

The question for consideration and decision in this case is, has the respondent usurped the office of justice of the peace, as alleged by the relator ? The question of Mullery's eligibility is not necessarily before the court. If Mullery cannot hold the office for any cause, it does not, therefore, follow that McCann is legally entitled to the office. *State ex rel. Attorney General v. Townsley*, 56 Mo. 107; *State ex rel. Attorney General v. Vail*, 53 Mo. 97. The respondent, as we have seen, claims title to the office by virtue of an election on November 5th, 1880, and by authority of a commission issued by the mayor to respondent. This being undisputed, the question resolves itself into an inquiry as to the validity and legality of the election of justice of the peace in the year 1880. This question has been directly passed upon by this court in the *State ex rel. Attorney General v. Ranson*, 73 Mo. 78. There the court was discussing

the validity and scope of section 2807, Revised Statutes. 1879. It was an information in the nature of a *quo warranto* for the purpose of testing the right to the office of justice of the peace of the respondent, Ranson, who had been elected at the general election in 1880, and duly commissioned by the county court, and under which Ranson was claiming the office. The court say: " The effect of the enactment, it may be granted, was to supersede and repeal all prior statutes authorizing directly, or by implication, one and all elections of justices of the peace prior to November, 1882." This is unmistakable language. But it proceeds even yet more pointedly: " It follows from this, that the recent election in Kaw township held in November, 1880, * * was not a valid election, and that it failed to furnish any duly elected and qualified successor to respondent." Justices of the peace can only be elected by virtue of the statute, and in the absence of such authority, such election is void.

The judgment of the court of appeals is affirmed. All concur.