THE STATE *ex rel*. HARRIS v. McCANN, *Appellant*.

1. **Justices of Peace, Election of**: REVISED STATUTES, SECTION 2807. The effect of the enactment of Revised Statutes, 1879, sec-tion 2807, in reference to the election and terms of office of justices of the peace was to supersede and repeal all prior statutes au-thorizing the election of such officers prior to the general election in November, 1882, and any election so held in contravention of said section of the statute was void. (Re-affirming *The State ex rel. the Circuit Attorney v. McCann*, 81 Mo. 479)..

2. ———. The appointment and commission of respondent as a justice of the peace by the mayor of the city of St. Louis, held to be of no validity, because there was no vacancy to be filled.

3. **Quo Warranto**: OFFICE: BURDEN OF PROOF. In a *quo warranto* proceeding against one for usurping an office, the burden is on the latter to show title thereto.

4. ———: RETURN, SUFFICIENCY OF. The return in such proceeding for usurping the office of justice of the peace, is insufficient if it

The State ex rel. Harris v. McCann.

fails to show that the respondent qualified under the appointment by virtue of which he claims the office.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*John J. McCann* for appellant.

(1) Substantially the whole return is confessed and avoided. It pleads simply *lis pendens*. *Long v. Long*, 79 Mo. 644. (2) The return sufficiently shows that McCann qualified as a justice of the peace. R. S. secs. 2815–16. (3) The removal by such officer of his office or place of holding court out of the district for which he was elected or appointed is *ipso facto* a vacation of it. R. S. secs. 2806, 2833–4. (4) The power to fill a vacancy implies the right of the officer to whom it is given to determine when a vacancy exists. *State ex rel. v. Seary*, 64 Mo. 98. (5) There is no authority for the proceeding here invoked. *State ex rel. v. Boal*, 46 Mo. 529 ; *State, etc., v. Lawrence*, 38 Mo. 535 ; *State, etc., v. Stewart*, 32 Mo. 379.

*E. A. B. Garesche* for respondent.

The title to the office under and by virtue of the election and qualification in November, 1880, being void and it not being alleged in the respondent's return nor proved at the trial that respondent qualified under the commission issued to him in June, 1881, judgment of ouster should have been rendered against him. *State ex rel. v. Vail*, 53 Mo. 107 ; High on Extra. Rem., secs. 629, 716 ; *Larke v. Crawford*, 28 Mich. 88 ; *State v. Gleeson*, 12 Fla. 190 ; *State v. Ashley et al.*, 1 Ark. (Pike) 513 ; *Clark v. The People*, 15 Ill. 217 ; *Flynn v. Abbott*, 16 Cal. 364. There is no sufficient allegation in respondent's return, nor do the facts appear in evidence of an abandonment, or of the fact that there was such a va-

cancy as authorized the mayor to appoint respondent to the office of justice of the peace for the fifth district of the city of St. Louis. Const. of Mo., Art. 11, sec. 30 ; *Honey v. Graham*, 39 Texas, 9 ; *Page v. Harden*, 8 B. Monroe, 669 ; *State ex rel., etc., v. Ralls Co.*, 45 Mo. 58 ; *Kouns v. Draper*, 43 Mo. 227.

RAY, J.—This is an information in the nature of a *quo warranto*, at the relation of Harris, circuit attorney for the eighth judicial circuit, city of St. Louis, against the respondent, Patrick McCann, requiring him to show by what warrant or authority he claims to have and exercise the powers and duties of a justice of the peace, within and for the fifth district in the city of St. Louis, Missouri. The information charges, in substance, that ·one Vincent Mullery, in November, 1878, was duly elected and qualified as a justice of the peace, in said district, in said city, for the term of four years ; that he resigned said office in October, 1879, and, thereupon Michael Mullery was duly appointed as his successor, in said office, by the mayor of said city of St. Louis, and qualified thereunder and entered upon the duties of said office. That, afterwards, to-wit, on the fourth of June, · 1881, said respondent, McCann, unlawfully usurped and entered into said office of justice of the peace for said district, in said city, and has from that time, until the filing of this information, used and exercised and still uses and exercises the powers and duties of the same without any warrant or legal authority whatever..

The respondent, for return to the writ issued to show cause, admits Vincent Mullery's election and resignation and appointment of Michael Mullery by the mayor, but alleges, in substance, first : That, at the November election in 1880, he was duly elected justice of the peace, in and for said district, in said city ; that he was duly commissioned and qualified as such and that, thereupon, said Michael Mullery turned over to him the books, pa-

pers, etc., of said office, and thereupon ceased to have
any office, or place of holding court within said district,
and removed his office from said district, and entirely
abandoned said office of justice of the peace for said dis-
trict; that, thereafter, this respondent continued to dis-
charge the duties of said office, by virtue of said elec-
tion, commission and qualification, until the fourth of
June, 1881, when there being a question about the valid-
ity of his title to said office, and whether there was a
vacancy in said office, the mayor of the city of St. Louis,
in order to remove all question as to the validity of re-
spondent's title to said office, did appoint him as justice
of the peace for said district, until the general election
in 1882, and did issue to respondent a commission au-
thorizing him to hold said office, during said term. Re-
spondent says that he holds said office of justice of the
peace, for said district, by virtue of his said election, in
November, 1880, and his commission and qualification
thereunder, as well as by his said appointment and com-
mission by the mayor of said city, in June, 1881, as afore-
said.

To this return, the relator filed, first, a general
denial, and as to that part of said return, which predi-
cates his right and title to said office, upon said election,
commission and qualification in November, 1880, the re-
lator replies that at the time of the commencement of
this action, and the making of said return, there was,
and is another action pending in the Supreme Court, be-
tween the same parties, and for the same cause as that set
forth in this information and return thereto. The cause
was tried by the court without a jury, and there was a
finding and judgment for the respondent, from which
the relator appealed to the St. Louis court of appeals,
where the judgment of the circuit court was reversed,
and that court, proceeding to render the judgment which
the circuit court should have rendered, awarded judg-
ment of ouster against said respondent, from which he

appealed to this court. A synopsis of the case is reported in 13 Mo. App. 588, and the opinion, at length, is set out in the record before us.

So far as respondent's title to said office rests upon his said election to that office, at the November election of 1880, that precise question was before this court at a former term, in a similar proceeding between the same parties, and it was there held that the respondent's return in that behalf was insufficient, and judgment of ouster which had been rendered by the circuit court affirmed. *The State ex rel. the Circuit Attorney v. McCann,* 81 Mo. 479 ; see also *State ex rel. Att'y Gen'l v. Ranson,* 73 Mo. 78. That decision disposes of the first part of respondent's return, in this case, and leaves him no title to stand on, except the mayor's appointment and commission of fourth of June, 1881, set up in said return. The court of appeals, in treating of this branch of respondent's return, uses this language : "This appointment and commission were of no validity, unless the office was in fact vacant. At the time when McCann, by virtue of his election in 1880, assumed possession of the office, the office was held by Michael J. Mullery under an appointment and commission, issued by the mayor of St. Louis, for the unexpired term of Vincent L. Mullery, resigned. Under the decision of the Supreme Court, followed by this court, as above stated, the term of Mullery did not expire until the qualification of the person who should be elected to fill the office at the general election in November, 1882. Unless, therefore, Mullery's appointment to the office was invalid, or unless he resigned, abandoned, or became otherwise dispossessed of the office, the appointment by the mayor of this respondent was void, because there was no vacancy to fill.

The rule being that the burden is upon the respondent to show title to the office (High Ex. Leg. Rem., section 229) the inquiry is, has the respondent shown any

of these facts ? In our opinion he has not. He does, in-
deed, show that under his election to the office, in 1880,
Mullery, acting under the advice of the city counsellor
and others, surrendered the records of the office to him.
But the testimony indicates that Mullery, in doing this,
simply acted in good faith, but under the mistaken opin-
ion that respondent had been elected to the office at a
valid election. As soon as he found reason to change
his opinion he set on foot the prosecution of both of
these proceedings to oust the respondent from the office,
and he testifies that he intended at no time to aban-
don it. We are, therefore, of opinion that at the time of
the appointment of this respondent, in June, 1881, the
title to the office was in Mr. Mullery ; that there was no
vacancy to fill, and that the appointment was hence void.
But if we are wrong in this, there is another ground on
which, in our opinion, the circuit court should have
given judgment of ouster. It is not set out in respon-
dent's return, and it nowhere appears, that the respon-
dent ever qualified under this appointment of the mayor.
He has, therefore, in point of fact, never held the office
under it, and the defence which he makes, therefore,
amounts to no more than the defence which he made to
the former action. It is too plain for argument that an
appointment and commission to the office of justice of
the peace give the appointee no right, unless he qualifies
by taking the oath of office, and causing the same to be
recorded as required by sections 2816 and 2817 of the Re-
vised Statutes. The failure to do this, is deemed a refusal
of the appointment, and by section 2820, a person so
commissioned is forbidden to act until his commission
shall have been so recorded by section 2821, a penalty is
imposed for so doing. It nowhere appears that this has
been done by the respondent since he received the ap-
pointment and commission from the mayor.''

In these views of the court of appeals we concur, and
for these reasons, and others hereinbefore stated, we

affirm the judgment of that court, reversing that of the circuit court, and awarding judgment of ouster against the respondent.    All the judges concur.