## MULLERY, *Appellant*, v. McCANN.

1. **Officer de Jure:** ACTION AGAINST INTRUDER FOR FEES. An officer *de jure*, who has been ousted by an intruder, can recover from the latter the fees received by him during his intrusion.

2. ———— : ————. Such officer *de jure* must, however, to sustain his suit for the fees, show a valid title to the office.

3.  **City of St. Louis:** JUSTICE OF THE PEACE. One must be an inhabitant of the district of the city of St. Louis for which he is appointed or elected six months prior to his election or appointment in order to be eligible to the office of justice of the peace therein.

*Appeal from St. Louis City Circuit Court.*—HON. E. B. ADAMS, Judge.

AFFIRMED.

*E. A. B. Garesché* and *John M. Holmes* for appellant.

(1) Appellant was qualified to fill the position of justice of the peace for the fifth district of the city of St. Louis at the date of his appointment; and in any event the trial court erred in attempting to pass upon the question of his title in this proceeding. R. S., 1879, secs. 2806, 2810, 3098; *Hunter v. Chandler*, 45 Mo. 452; *State ex rel. v. John*, 81 Mo. 13. (2) Appellant was the *de-jure* officer, and as such was entitled to recover from respondent the known and usual fees of the office received by respondent, and for this reason the trial court erred in rendering a judgment for respondent under the pleadings and evidence in this case. *Hunter v. Chandler*, 45 Mo. 452; *United States v. Addison*, 6 Wall. 29; *Glasscock v. Lyons*, 20 Ind. 1; *Douglas v. State*, 31 Ind. 429; *People v. Miller*, 24 Mich. 458; *Dorsey v. Smith*, 28 Cal. 21; *Petittet v. Rousseau*, 15 La. Ann. 239; *Sigur v. Crenshaw*, 10 La. Ann. 297.

*John J. McCann* for respondent.

(1) Mullery was ineligible to the office in question at the time of his appointment; his appointment was, therefore, void and his qualification a nullity. *State ex rel. v. Boal*, 46 Mo. 528; *Searcy v. Grow*, 15 Cal. 117; *Shear v. Robinson*, 29 Me. 531; *State ex rel. v. Valle,*

41 Mo. 29; *Carson v. McPhetridge*, 15 Ind. 327; McCrary on Elections, secs. 256-31-38. (2) Mullery vacated said office twice; first in November, 1880, against his own intention in ignorance of law; and second in June, 1881, and continuously thereafter intentionally, after his knowledge of the Ranson case decision, because he had a situation with Justice Monahan on a certain monthly salary, which he preferred to and did hold until at least November, 1882, in a foreign district from that to which he had been assigned. R. S., sec. 2806; McCrary on Elections, sec. 263, subdiv. 2. (3) Mullery voluntarily yielded possession of said office to McCann in November, 1880. McCann then had a color of title thereto; Mullery could have no action for his fees until he regained such possession or procured a decree therefor. *Hunter v. Chandler*, 45 Mo. 452; *Allen v. McKern*, 1 Sumn. 317. (4) The *quo-warranto* cases against McCann, 81 Mo. and 88 Mo., *supra*, settled only the status of McCann. *State ex rel. v. Draper*, 48 Mo. 213; *State ex rel. v. Clark*, 52 Mo. 508; *Bradshaw v. Sherwood*, 42 Mo. 179; *Winston v. Mosley*, 35 Mo. 146; *State ex rel. v. Auditor*, 34 Mo. 375; *State ex rel. v. Townley*, 56 Mo. 107; *State ex rel. v. Vail*, 53 Mo. 97.

NORTON, C. J.—This suit was brought in the circuit court of the city of St. Louis to recover the fees received by defendant while acting as a justice of the peace in the fifth district in said city from November, 1880, till November, 1882. Defendant obtained judgment on the trial, from which the plaintiff has appealed.

The record discloses the following state of facts: That a vacancy having occurred in the office of justice of the peace for the fifth district in the city of St. Louis, plaintiff Mullery was appointed to fill it, by the mayor of said city, in October, 1879; that said Mullery, at the time of said appointment, and for two or three years

previous thereto, lived with his family in the seventh district in said city ; that, after his said appointment, he opened and kept an office at No. 623, Chestnut street, in said fifth district ; that, in November, 1880, defendant was elected a justice of the peace in and for said district, and thereafter plaintiff delivered to defendant such records as he had pertaining to said office, and sold out his office effects, furniture, sign, etc., a part of them being sold to defendant; that plaintiff thereafter, in December, 1880, went to work for Justice Monahan in the sixth district, and in the month of January, 1881, contracted to work for said Monahan in said district at a monthly salary, and continued to work under said contract till November, 1882 ; that defendant opened an office as justice of the peace in said fifth district in November, 1880, and acted as such justice till November, 1882, receiving the fees incident to the office during that time; that in June, 1881, *quo-warranto* proceedings were instituted by the state to oust defendant from said office of justice of the peace as an intruder, which resulted in a judgment of ouster (*State ex rel. v. McCann*, 81 Mo. 479), where it is held that defendant acquired no title to said office under the election held in 1880. After the rendition of this opinion the mayor, acting upon the belief that there was a vacancy in the said office, appointed defendant to fill it, and thereupon another proceeding by *quo warranto* was instituted by the state at the relation of the prosecuting attorney to oust defendant which culminated in a judgment of ouster. *State ex rel. v. McCann*, 88 Mo. 386. While in these cases it is held that defendant had no title to said office they do not establish plaintiff's title.

During the pendency of this proceeding, plaintiff remained in the employment of said Monahan under his contract, and brings this suit to recover the fees collected by defendant as said justice from November,

1880, to November, 1882. The right of a *de-jure* officer who is ousted from his office by an intruder to recover from such intruder the fees received by him during his occupancy of the office, cannot be seriously questioned. But before such recovery can be had the plaintiff must show a valid title to the office, for it is only on the theory that he is *de jure* an officer that he can recover. The plaintiff in this case, as the basis of his title, alleges that, on the twenty-ninth of October, 1879, he was appointed by the mayor of the city to fill a vacancy in the said office of justice of the peace in the fifth district, and that he was competent and qualified to fill said office. Defendant in his answer avers that the said appointment of plaintiff was null and void for the reason that plaintiff was not competent or qualified to fill the office in question at the time of his appointment. In the replication to this answer plaintiff denies that his appointment was void for the reason stated in the answer, and avers on the contrary that at the time of his appointment he was competent and qualified to hold said office.

If plaintiff was an inhabitant of the seventh district when appointed a justice of the peace for the fifth district, and if section 2810, Revised Statutes, as to the eligibility of persons to the office of justice of the peace, applies to the districts in the city of St. Louis, the issue presented by the pleadings above quoted must be decided in favor of defendant. Section 2810 is as follows: "No person shall be eligible to the office of justice of the peace who is not a citizen of the United States, who shall not have been an inhabitant of this state twelve months, and of the township for which he is chosen six months next before his election, if such township shall have been so long established, but if not, then of the township from which the same shall have been taken." By section 2805, the city of St. Louis is

divided into fourteen districts for the election of justices of the peace, each of which is entitled to one justice of the peace except the fourth, which is entitled to two, and the fifth, which is entitled to three. It further provides that the mayor and city register shall have the same powers as are conferred upon the county court and county clerk, respectively, relating to justices of the peace.

By section 2806 it is provided that justices elected under the provisions of section 2805 shall hold their courts in the districts for which they were elected, and whenever such justice shall remove his office out of the district, he shall be deemed to have vacated his office, and he shall thereupon proceed as provided in case of removal from a township. By section 3065, it is provided that: "In every case where by this chapter power or jurisdiction is given to, or the performance of any duty is imposed upon, any officer in a county or township, the same power and jurisdiction shall be held to be given to, and the performance of the same duties shall be held to be imposed upon, the like officer or officers in any city not within a county or any district in such city * * *."

It is clear, we think, from these statutory provisions, that, as to the eligibility of persons to the office of justice of the peace, the districts in the city of St. Louis bear the same relation to the city that municipal townships do to the various counties, and these terms, in sections 2806 and 3065, seem to be used as convertible and equivalent. Under this view a person to be eligible to the office of justice of the peace in a district in the city of St. Louis, among other qualifications mentioned in section 2805, must have been an inhabitant of such district six months next before his election or appointment. And, inasmuch as at the time of plaintiff's appointment, it satisfactorily appears from his own evidence that he was not an inhabitant of said fifth district, but was at

said time, and had been for two or more years previous, an inhabitant of the seventh district in said city, he was not eligible to the office when appointed, and is not, therefore, entitled to recover the fees for which he sues. *State to use v. Sherwood*, 42 Mo. 184; *State ex rel. v. Boal*, 46 Mo. 528.

There are other grounds upon which plaintiff's right to recover might well be denied, but in the view we have taken of the case it is unnecessary to consider them.

The judgment, we think, is for the right party and it is hereby affirmed. All concur, except Ray, J., absent.