THOMAS HUGHLETT, Appellant, v. CITY OF WELLSVILLE et al., Respondents.

St. Louis Court of Appeals, May 10, 1898.

Pleading: EMOLUMENTS OF OFFICE. In a suit for the fees and emoluments of the office of city marshal a petition fails to state a cause of action, which fails to state either that the plaintiff was in possession of the office and had been wrongfully ousted, or that his claim to the office had been legally determined.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

CLAUDE R. BALL for appellant.

Plaintiff's petition states a good cause of action and sets forth facts sufficient to constitute a cause of action against the defendants. Ins. Co. v. Leland, 90 Mo. 177. Plaintiff was duly elected on July 30, 1895, to the office of marshal, and was entitled to his certificate of election and the defendants acted without authority and to his damage in refusing to issue the same to him. Hughlett v. Finley et al., decided at this term of court. Defendants were bound to issue the certificate of election to Hughlett, they had no right or discretion to refuse to do so. Their duty in the premises was a ministerial one, and they had no discretion but were bound to issue it and allow Hughlett to qualify as such officer. Hughlett v. Finley et al., *supra.* The petition charges defendants with the violation of a ministerial duty they owed to him, as such officers, and states a good cause of action. Ins. Co. v. Leland, 90 Mo. 177, and cases cited; Bishop on Non Contract Law, secs. 796, 798; Knox Co. v. Hunolt, 110 Mo. 75; Keith v. Howard, 24 Pick. 292; Dervendorf, 42 Barb. 227; Williams v. Powell, 101 Mass. 467. Defendants' duties as such officers, were purely ministerial, they knowingly, willfully and unlawfully violated their duty, to the great damage of the plaintiff, it was a duty due from them to plaintiff, and they are liable to him personally for the damages he has sustained by reason of their failure to perform their duty, and the damages are properly based upon the

probable amount of the salary and emoluments of the office.

BARKER & SHACKELFORD for respondent.

The plaintiff can not succeed in this suit, as his petition fails to set forth any cause of action. The plaintiff would be required to show title to the office before he could succeed; and this he would be required to do in a proper proceeding for that purpose; before he could maintain a suit for the fees and salary of the office, and this plaintiff did not do. Plaintiff did institute a *mandamus* proceeding for the purpose of securing the office and for fees and salary thereof, but was defeated in this court at this term in such proceeding. In Hunter v. Chandler, 45 Mo. 457, in discussing a case which was instituted to recover the fees of an office, the court says: "The right or title to an office ought not to be determined in a civil action of this kind. A party should not be permitted to sleep on his rights and let another person perform services and then claim the compensation which was the result of the labor performed." Plaintiff can not recover by merely claiming a title to the office, until such title has been established by a direct contest for that purpose. Bradshaw v. Sherwood, 42 Mo. 179; Dickerson v. Butler, 27 Mo. App. 9–15. See also Hughlett v. Finley, decided as this term of this court. It will be observed that the case of Bradshaw v. Sherwood, was a suit to recover fees, and the court held that it was incumbent upon plaintiff to first establish his right to the office, in a proceeding for that purpose. If plaintiff had established his right to the office, in a direct proceeding he then could only sue the party who actually filled the office and drew the salary and fees thereof. State ex rel. v. Clark, State Auditor, 52 Mo.

508. Appellant in his brief fails to set out the petition so that, in that regard, it fails to comply with the rule of the court. Yet by reference to the petition we find it alleges that "the salary and fees of said office of city marshal from July 30, 1895, to April 6, 1897, were worth and are of the value of seven hundred dollars." The petition also says that appellant was elected to serve as marshal from July 30, 1895, to April 6, 1897. The prayer of the petition is as follows: "Wherefore the plaintiff says the defendants by their conduct as aforesaid have become personally liable to the plaintiff in the sum of seven hundred dollars, the full amount of said salary, fees and emoluments of said office of city marshal." Now in the face of these allegations in his petition, the plaintiff says to this court in his brief that he is not suing for the salary of the office at all." Such a position is absurd.

BIGGS, J.—This is an action against the city of Wellsville, its mayor, board of aldermen and clerk, to recover as damages the fees and emoluments of the office of marshal of the city from July 31, 1895, to April 6, 1897. The petition avers substantially that at a special election held in the city of Wellsville on July 30, 1895, the plaintiff was duly elected to the position of marshal of the city; that the mayor, clerk and board of aldermen cast up the vote and declared that the plaintiff had received the highest number of votes; that subsequently the members of the board unlawfully and wrongfully determined that the plaintiff was ineligible by reason of his removal from the office a few months before, and they ordered a new election, which was held; that subsequently the plaintiff qualified by taking the oath of office and giving the requisite bond, and that he thereupon demanded of the defendants that a certificate of election be issued

to him, which was refused. The petition contains the further averment that by reason of these unlawful and wrongful acts of the defendants the plaintiff had been deprived of the fees of said office to which he had been lawfully elected; that the fees for the term amounted to $700; that he had been damaged in that amount, for which judgment was asked. The circuit court sustained a general demurrer to the petition and the plaintiff having refused to plead further a final judgment was entered on the demurrer. The plaintiff has appealed.

It is not questioned by the respondents that officers of a city are, under certain circumstances, responsible in damages for wrongful and malicious acts in the discharge of purely ministerial duties. (Ins. Co. v. Leland, 90 Mo. 177; Knox Co. v. Hunolt, 110 Mo. 75.) But they insist that to render them liable in the present action it would be necessary for plaintiff to prove, either that he was lawfully in possession of the office and had been wrongfully ousted from it, or that his right to it had been finally established by proper proceedings. This is the doctrine of State ex rel. v. Sherwood, 42 Mo. 179, and Hunter v. Chandler, 45 Mo. 452, and it is sound law, for it is but reasonable that before a person can lay claims to the fees and emoluments of an office he must first establish his right to the office itself. As the petition failed to state either that the plaintiff was in possession of the office and had been wrongfully ousted, or that his claim or title to the office had been legally determined, the demurrer was rightfully sustained.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.