THE STATE *ex rel.* WALKER, *Attorney General,* v. POWLES.

In Banc, December 15, 1896.

1. **Quo Warranto:** BURDEN OF PROOF. In *quo warranto* the burden is on the respondent to show good title to the office whose functions he claims to exercise.

2. **Justices of Peace:** TOWNSHIP OFFICER: STATUTE. An additional justice of the peace to which a town or city of over two thousand inhabitants may be entitled, under Revised Statutes, 1889, section 6090, is a township officer governed by the general law relating to justices of the peace.

3. ———: ———: ———. The term of such additional justice, when appointed by the county court, expires whenever a successor is elected at the next general election for justices of the peace and qualifies.

*Quo Warranto.*

JUDGMENT OF OUSTER AWARDED.

*R. F. Walker,* attorney general, and *Olden, Orr & Tillman* for relator.

Respondent's commission issued in August, 1889, terminated at the general election in 1890, when all justices were elected for a term of four years by the terms of the statute; his commission issued in November, 1892, by its own terms and the law ended in November, 1894. Whether it be held that Howell township was, in November, 1894, entitled to three justices, one of whom should be a resident of West Plains,

or only entitled to two as other townships, the full number were elected, commissioned and qualified. And whether respondent's commission expired by its own terms or whether he was entitled to hold until his successor was elected and qualified, is immaterial, since his successor was elected, commissioned, and qualified in November, 1894. See *State ex rel. v. Spitz*, 29 S. W. Rep. 1011; *State v. Ransom*, 73 Mo. 78; *State v. Stonestreet*, 99 Mo. 361; *State v. Phillips*, 11 S. Rep. (Fla.) 922; *State v. Gardner*, 54 N. W. Rep. 606; *Whipper v. Reed*, 9 S. C. 5; 64 Me. 595.

*Orchard & Hines* for respondent.

BRACE, C. J.—This is a proceeding by *quo warranto* on the information of the attorney general to oust the defendant from his tenure of the office of justice of the peace within and for Howell township, Howell county, state of Missouri.

The answer of the respondent to the information, is, in substance: That on the ninth day of August, 1889, he was appointed justice of the peace within and for the city of West Plains; that said city is in the township of Howell, in Howell county, Missouri, having a population of more than two thousand, and less than one hundred thousand inhabitants; that at the time of his appointment he was and ever since has been a resident of said city, and that he has ever since said appointment held and enjoyed the office of justice of the peace within and for said city by virtue of said appointment.

Issue was joined by reply to this answer, and a commissioner appointed to take the testimony.

It appears from the evidence so taken that on the ninth day of August, 1889, the said Powles was appointed by the county court of Howell county "a

justice of the peace within and for said township of
Howell to serve until the next general election;" that
he was duly commissioned and qualified as such, and
ever since has been exercising the functions of a jus-
tice of the peace within and for said township; that he
was so appointed because he was a resident of the
city of West Plains, in said township, and because
said city, having a population of more than two thou-
sand inhabitants, was entitled to an additional justice
of the peace.    It further appears that afterward on the
fourteenth day of November, 1892, in pursuance of an
election held on the eighth of November, 1892, the
said Powles was by the said county court appointed
and commissioned a justice of the peace for the term of
two years from said fourteenth day of November, 1892,
"and until his successor in said office shall be duly
appointed and qualified."

Afterward at the general election held on the sixth
day of November, 1894, William H. Wheeler, B. W.
Cope, and John H. Burnsworth, all residents of the
city of West Plains, in said township, were elected
justices of the peace within and for the township of
Howell aforesaid, and on the eighth day of November,
1894, were duly commissioned, qualified, entered upon,
and ever since have continued in the discharge of their
duties as such; the commission of the said Wheeler
and Cope, running in pursuance of said election, and
the commission of the said Burnsworth in pursuance
thereof "and by virtue of section 6090, of Revised
Statutes of Missouri," and the commission of each
"being for the term of four years from the date of his
commission and until his successor in said office shall
be duly appointed and qualified."

This was the situation when this writ was sued
out, and when, on the thirteenth of April, 1896, it was

served upon the respondent, and when on the sixth of May, 1896, he filed his answer herein.

Afterward on the seventh of May, 1896, the county court of Howell county appointed the said Powles "justice of the peace for said city of West Plains, Missouri, until the next general election and until his successor is duly elected and qualified." This last appointment was set up in the reply of the attorney general, who asks that the respondent be not only ousted, but that he be fined for his intrusion into the office aforesaid.

By statute, at the time respondent was first appointed, it was, ever since has been, and still is, provided that "each municipal township, except as otherwise provided by law, shall be entitled to two justices of the peace, to be elected and commissioned in the manner hereinafter provided; but in case there shall be in any such township an incorporated town or city having a population of over two thousand inhabitants, and less than one hundred thousand inhabitants, said town or city shall be entitled to one additional justice of the peace, who shall be a resident of such town or city." * * * (R. S. 1879, sec. 2803, Laws 1887, p. 206; R. S. 1889, sec. 6090); that "justices of the peace, as herein provided for, shall be elected at the general election to be held in eighteen hundred and eighty-two, and shall hold their offices for four years, or until their successors are elected, commissioned, aad qualified" * * * (R. S. 1879, sec. 2807; R. S. 1889, sec. 6094); that "when a vacancy occurs in the office of justice of the peace, the county court of the county in which such vacancy occurs may supply the same by the appointment of some person competent and qualified, who shall hold his office until the next general election of county officers, and until his successor is elected, commissioned, and qualified" (R. S. 1879, sec. 2809; R. S.

1889, sec. 6096), and it was, and is still, further provided that, "Justices of the peace are to be commissioned by the county court, and shall hold their offices for four years, and until their successors are elected and qualified" (R. S. 1879, sec. 2813; R. S. 1889, sec. 6100).

In *quo warranto* it is incumbent upon the respondent to show good title to the office whose functions he claims to exercise.    *State ex rel. v. McCann*, 88 Mo. 386; High, Ex. Legal Rem. [2 Ed.], sec. 629.

The only title set up in the answer in this case is such as the respondent acquired by virtue of the appointment made by the county court of Howell county on the ninth day of August, 1889.    The county court having found as a basis for that appointment that West Plains in Howell township in said county is a city of more than two thousand inhabitants, and that respondent is a resident of that city, these facts are established for the purposes of this inquiry (*State ex rel. v. Simmons*, 35 Mo. App. 374; *State ex rel. v. Weatherby*, 45 Mo. 17), and are sufficient to show that said township was entitled to the additional justice provided for, in such circumstances, by the statute, and being so entitled it may be conceded that there was a vacancy in that office, which the county court was authorized to supply by appointing the respondent thereto, "until the next general election of county officers, and until his successor is elected, commissioned, and qualified" (sec. 6096, *supra*).

The only office to which respondent could be appointed by the county court, under these circumstances, was that of justice of the peace within and for the township of Howell, and this was the office to which he was appointed, and the functions of which he has since been exercising.    He was not, and could not have been appointed, a justice of the peace within and for

the city of West Plains, as alleged in his answer, for no such office is known to the law.

The term of the office to which he was appointed extended only to the general election in 1890, and by the terms of his commission, and under the law, could extend no longer than to the qualification of his successor elected at such election and duly commissioned in pursuance thereof.  As has been seen, the term of office of justices of the peace in this state is four years. They are elected quadrennially at the general election for county officers and have been so elected ever since 1882.  The first general election for county officers and justices of the peace occurring after the appointment of the respondent, by the county court, was in November, 1890, at which a successor to the respondent might have been elected, upon whose qualification the term of the respondent would have ceased.  But it seems that no successor was chosen at that election, and as the respondent, under his appointment by the county court, was authorized to hold and exercise the functions of said office not only until the next general election of county officers, but until his "successor was elected, commissioned and qualified," he thereafter continued lawfully the incumbent, of said office and authorized to exercise the functions thereof until a successor for him should be chosen at the next general election for county officers, and justices of the peace in November, 1894.  *State ex rel. v. Ranson*, 73 Mo. 78.

His successor was chosen at that election as hereinbefore stated, on the sixth, was duly commissioned on the eighth, of November, 1894, and thereafter respondent ceased to be a justice of the peace *de jure* within and for Howell township, Howell county, Missouri (*State ex rel. v. Spitz*, 127 Mo. 248), and since that time has been an intruder in, and usurper of the office aforesaid.  As there was no law in force author-

izing an election of justices of the peace in 1892, the respondent acquired no title to the office by virtue of that election, and the commission issued to him by the county court in pursuance thereof; nor does he make any claim by virtue of such appointment, and it goes without saying that his so-called appointment of justice of the peace of the city of West Plains on the seventh of May, 1896, affords no defense to this action. Judgment of ouster will therefore be entered against the respondent and writ issued accordingly. All concur.